SO ORDERED: February 17, 2009.



**James K. Coachys**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MAXIM TRUCK COMPANY, INC., | ) | Case No. 01-91878-JKC-7A |
| | ) | |
|     Debtor. | ) | |
| _____ | ) | |
| KATHRYN L. PRY, as Chapter 7 trustee, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 02-9029 |
| | ) | |
| MAXIM GLOBAL, INC., | ) | |
| LESTER L. LEE, individually and as | ) | |
| trustee, RENTAL INVESTMENTS, | ) | |
| L&S DEVELOPMENT, | ) | |
| LLL OIL COMPANY, INC., | ) | |
| LEE'S READY MIX & TRUCKING, INC. | ) | |
| COUNTY MATERIAL, INC., BI-RITE | ) | |
| OIL, INC., and BRENDA R. LEE, | ) | |
| | ) | |
|     Defendants. | ) | |

**ORDER ON DEFENDANTS' MOTION TO DISMISS BRENDA R. LEE
AS A PARTY DEFENDANT AND TO DISMISS COUNTS
OF PLAINTIFF'S COMPLAINT**

This matter came before the Court on Defendants Maxim Global. Inc., Lester L. Lee, Rental Investments, LLL Oil Company, Inc., L & S Development, Lee's Ready Mix & Trucking, Inc., County Material, Inc., Bi-Rite Oil, Inc. and Brenda R. Lee's (collectively, the "Defendants") Motion to Dismiss Brenda R. Lee as a Party Defendant and to Dismiss Certain Counts of Plaintiff's Complaint (the "Motion to Dismiss").[1]

## A.  Procedural History

On or about June 14, 2001, an involuntary Chapter 7 bankruptcy petition was filed against Maxim Truck Company, Inc. ("Debtor").  The Court entered an Order for Relief on July 31, 2001, and Kathryn L. Pry was subsequently appointed the Chapter 7 Trustee (the "Trustee").  On May 31, 2002, the Trustee filed a Complaint (the "Complaint") against Lester L. Lee ("Lee"),  Rental Investments, LLL Oil Company, Inc., L & S Development, Lee's Ready Mix & Trucking, Inc., County Material, Inc., and Bi-Rite Oil, Inc. (collectively, the "Related Entities").

In late 2004, the Trustee filed a Motion for Summary Judgment, and the Defendants filed a Motion for Summary Judgment.  Because of a protracted discovery dispute and a failed attempt at meditation, both parties ultimately sought multiple extensions of time in which to respond to these motions.  In the meantime, the Trustee filed a second Motion for Summary Judgment in September 2006.

Following a hearing on the 2004 summary judgment motions, the Court issued an Order dated September 26, 2006, stating that it was "reluctant to grant, or for that matter even address, either party's motion for summary judgment at this time. . . . [T]he issues are too undefined, the facts

---

[1]  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B), (F) and (K).

are not fully developed, discovery is far from complete and the parties are quite simply on entirely 'different pages.'" The Court ordered the Trustee "to file an amended complaint that provides a more definite statement of her claims against the Defendants and the facts supporting those claims." In so ordering, the Court "anticipate[d] that the Defendants will move to dismiss some of the Trustee's claims, arguing that they do not relate back to the original Complaint and are, therefore, time-barred."

On July 11, 2008, the Trustee filed an Amended Complaint (the "Amended Complaint") and, as anticipated, the Defendants moved to dismiss many of the new or amended claims asserted therein. The Court conducted a hearing on January 20, 2009, and now issues the following Order, in which it addresses each of the claims challenged by the Defendants' Motion to Dismiss.

**B.  Discussion and Decision**

**1.  The Original Complaint**

In order to address the Motion to Dismiss, the Court must first outline the claims asserted by the Trustee in the Complaint. Per the Complaint's "First Claim of Relief," the Trustee alleges that Lee and the Related Entities took a security interest in the assets of the Debtor on or about January 14, 1999, pursuant to a Security Agreement; that Lee, as Trustee for the Related Entities, took possession of certain assets of the Debtor on or about June 30, 2000 per an Assignment for the Benefit of Secured Creditors (referred to by the Trustee in her Complaint as the "Assumption of Assets"); and that Maxim Global, Inc. then purportedly purchased these assets from Lee and the Related Entities (referred to by the Trustee in her Complaint as the "Sale").

Based on these allegations, the First Claim for Relief further alleges the following:

15.    Upon information and belief, within 90 days and/or 1 year before the date of the filing of the Petition, the Debtor delivered payments and/or property totaling an amount to

3

be proven at trial to one or more of the Defendants (the "Preferential Transfers").

16.     The Assumption of Assets and/or the Preferential Transfers and/or the Sale diminished the value of the Debtor's bankruptcy estate by an amount equal to the value of the assets and/or funds transferred.

17.     The Assumption of Assets and/or the Preferential Transfers and/or the Sale by or on behalf of the Debtor to the Defendants were made for the benefit of the Defendants.

18.     The Assumption of Assets and/or the Preferential Transfers and/or the Sale by or on behalf of the Debtor to the Defendants were for or on account of the antecedent debts owed by the Debtor to the Defendants before the Assumption of Assets and/or the Preferential Transfers and/or the Sale were made.

19.     The Assumption of Assets and/or the Preferential Transfers and/or the Sale were made to the Defendants within 90 days and/or 1 year before the date of the filing of the Petition.

20.     Some or all of the Defendants were insiders at the time of the Assumption of Assets and/or the Preferential Transfers and/or the Sale.

21.     The Debtor was insolvent at the time the Assumption of Assets and/or the Preferential Transfers and/or the Sale were made to the Defendants.

22.     The Assumption of Assets and/or the Preferential Transfers and/or the Sale by or on behalf of the Debtor to the Defendants enabled the Defendants to have received more than the Defendants would have otherwise received had the Assumption of Assets and/or the Preferential Transfer and/or the Sale had [*sic*] not been made, and had the Defendants received distributions from the Debtor on the Debtor's indebtedness to the Defendants to the extent provided for by the provisions of the Bankruptcy Code.

23.     Pursuant to § 547(b) of the Bankruptcy Code, the Trustee may recover the value of the Assumption of Assets and/or the Preferential Transfer and/or the Sale made to the Defendants.

24.     Pursuant to § 550(a) of the Bankruptcy Code, the Trustee may recover the value of the Assumption of Assets and/or the Preferential Transfers and/or the Sale made to the Defendants.

In her "Second Claim for Relief," the Trustee asserts that "[p]ursuant to § 544(b) of the

Bankruptcy Code, the Trustee may avoid any transfer of an interest of the Debtor and property, or

4

any obligation incurred by the Debtor, that is avoidable under applicable law." In her "Third Claim for Relief," the Trustee asserts that "the Assumption of Assets, Preferential Transfers and/or Sale were made with actual intent to hinder, delay, or defraud entities to which the Debtor was or became indebted" and that the "Assumption of Assets, Preferential Transfers and/or the Sale are voidable as fraudulent conveyances pursuant to § 548 of the Bankruptcy Code and/or the applicable state law." In her "Fourth Claim for Relief," the Trustee alleges that "[a]t the time of the Assumption of Assets and/or Preferential Transfers and/or the Sale, the Defendants did not give reasonably equivalent value for the payment or property transferred" and that "the Assumption of Assets and/or Preferential Transfers and/or the Sale are voidable as fraudulent conveyances pursuant to § 548 of the Bankruptcy Code and/or the applicable state law." In her "Fifth Claim for Relief," the Trustee seeks recovery of any transfers avoided under Code §§ 544, 547 and 548 from the Defendants pursuant to Code § 550(a). In her Sixth Claim for Relief, the Trustee seeks to preserve for the benefit of Debtor's estate any avoided transfers pursuant to Code § 551. In her Seventh Claim for Relief, the Trustee asserts a claim against the Defendants for unjust enrichment. In her Eighth Claim for Relief, the Trustee asserts a claim against Lee for breach of fiduciary duty. Finally, in her Ninth Claim for Relief, the Trustee asserts a claim for breach of contract against the Defendants.[2]

## 2. Federal Rule of Civil Procedure 15(c)

The Defendants' Motion to Dismiss is based exclusively on the argument that the claims added to and/or amended by the Amended Complaint do not "relate back" to the Complaint pursuant to Federal Rule of Civil Procedure 15(c) and that they must, therefore, be dismissed.

---

[2] The Trustee reasserted this breach of contract claim in her Amended Complaint but–per her response to the Defendants' Motion to Dismiss–she has since withdrawn the claim altogether.

5

Rule 15(c), which is made applicable in bankruptcy pursuant to Federal Rule of Bankruptcy

Procedure 7015, provides in relevant part:

> **(1) When an Amendment Relates Back.** An amendment to a pleading relates back to the date of the original pleading when:
> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment;
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> > (ii) knew or should have known that the action would have been brought against it, but for the mistake concerning the proper party's identity.

In general, relation back is permitted under Rule 15(c) where an amended complaint asserts a new

claim on the basis of the same core of facts, but involving a different substantive legal theory than

that advanced in the original pleading. *Donnelly v. Yellow Freight System, Inc.,* 874 F.2d 402, 410

(7th Cir.1989), *aff'd. on other grounds*, 494 U.S. 820, 110 S.Ct. 1566, 108 L.Ed.2d 834 (1990); *see*

*also Worthington v. Wilson,* 8 F.3d 1253, 1256 (7th Cir.1993) (quoting *Wood v. Worachek,* 618 F.2d

1225, 1229 (7th Cir.1980)); *Alpern v. Utilicorp United, Inc.,* 84 F.3d 1525, 1543 (8th Cir.1996)

(collecting cases). Thus, a new substantive claim that would otherwise be time-barred relates back

to the date of the original pleading, provided the new claim stems from the same "conduct,

transaction, or occurrence" as was alleged in the original complaint; for relation back to apply, there

is no additional requirement that the claim be based on an identical theory of recovery. *See e..g.,*

*Donnelly,* 874 F.2d at 410; *Federal Deposit Ins. Corp. v. Bennett,* 898 F.2d 477, 479-80 (5th

Cir.1990).

6

### 3.  The Motion to Dismiss

### a.  Brenda R. Lee as a Party Defendant

Per the Amended Complaint, the Trustee added Brenda R. Lee ("Brenda"), the wife of Lester

Lee, as a defendant based on the allegation that she was a joint signatory on one or more of the bank

accounts in which some of the disputed payments were deposited.  While it is not abundantly clear

from the Amended Complaint, the Court presumes that Brenda was added solely for purposes of

recovery under § 550(a) of the Code.  This presumption was confirmed by the Court at its hearing

on the Motion to Dismiss.  Brenda argues that she should be dismissed as a defendant pursuant to

Federal Rule of Civil Procedure 15(c) because the Trustee's claim does not "relate back" to the date

of the original pleading.

Contrary to Brenda's argument, Rule 15(c) is not implicated in the Trustee's amendment

adding her as a defendant.  Section 550(f) provides that an action or proceeding under this section

may not be commenced after the earlier of–one year after the avoidance of the transfer on account

of which recovery under this section is sought; or the time the case is closed or dismissed.  Thus,

under this section, the period of time to initiate an action under § 550 for recovery of an avoided

transfer has not yet even been triggered, let alone expired, against any of the Defendants, including

Brenda.  Thus, the Court denies Brenda's request to dismiss her as a defendant in the Amended

Complaint.

### b. First Claim for Relief

The First Claim for Relief ("Count I") in the Amended Complaint seeks a "declaratory

judgment under 28 U.S.C. § 2201 et seq" and essentially asks the Court to determine the extent and

perfection of the Defendants' security interest in Debtor's assets.  Count I is an entirely new claim

7

not otherwise set forth in the Complaint. In their Motion to Dismiss, the Defendants argue that Count I should be dismissed because it does not relate back to the Complaint pursuant to Rule 15(c). The Court disagrees.

While not fully explained in the Amended Complaint itself, the Trustee's previous summary judgment motions indicate that there is some disparity between the assets listed in the Security Agreement and those listed in the U.C.C. financing statement filed by the Defendants. Given this disparity, Count I seeks a determination regarding the extent and perfection of the Defendants' security interest in Debtor's assets.

Contrary to the Defendants' argument, Count I clearly asserts a claim that arose out of the "conduct, transaction, or occurrence" that was generally described in the Complaint, that "conduct, transaction, or occurrence" being the security interest that Debtor granted in favor of the Defendants. The Court, therefore, concludes that Count I relates back to the Complaint under Rule 15(c) and denies the Motion to Dismiss as it relates to Count I.

### c. Third Claim for Relief

The Third Claim for Relief in the Amended Complaint ("Count III") seeks to amend the § 547(b) preference claim, as set forth in the Complaint, by identifying the payments that the Trustee alleges are preferential. More specifically, Exhibit B to the Amended Complaint lists the Assumption of Assets, as well as five payments made by Debtor via check to various Defendants from November 21, 2000 to December 29, 2000. In their Motion to Dismiss, the Defendants argue that Count III does not relate back to the Complaint pursuant to Rule 15(c) because it sets out "additional transactions." The Court disagrees.

As previously stated, the Complaint alleges, in relevant part, that the Assumption of Assets

8

constituted a preference. The Complaint also seeks to avoid, as preferences, those payments made "within 90 days and/or 1 year before the date of the filing of the Petition . . . ." While the Trustee's preference claim, as set forth in the Complaint, was arguably vague, it did put the Defendants on notice that *any* payment made by Debtor to them in the year preceding the bankruptcy case was at issue under § 547(b).[3] Because all of the payments specifically identified by the Trustee in Count III of the Amended Complaint fall within the time period set forth in the Complaint, the Court concludes that Count III meets Rule 15(c)'s standard for relation back. *See Pereira v. Hong Kong & Shanghai Banking Corp (In re Kam Kuo Seafood Corp.)* ("[I]f the original complaint indicates an intention to pursue all transactions, the adding of such transactions will relate back.") (citing *Siegel v. Converters Transp., Inc.*, 714 F.2d 213 (2d Cir.1983)).

### d. Fourth Claim for Relief

The Fourth Claim for Relief in the Amended Complaint ("Count IV") seeks to amend the § 548(a)(1)(A) fraudulent transfer claim, as set forth in the Complaint, by more specifically identifying the various transfers that the Trustee's alleges were fraudulent. In their Motion to Dismiss, the Defendants argue that Count IV does not relate back to the Complaint pursuant to Rule 15(c) because it sets out "additional transactions." The Court disagrees.

As set forth in the Complaint, the Trustee's § 548(a)(1)(A) claim alleged that the Assumption of Assets, the Sale, and the Preferential Payments (which the Trustee defined as payments made by Debtor to the Defendants within "90 days and/or 1 year before the date of the filing of the Petition") were made with "actual intent to hinder, delay or defraud" Debtor's creditors. Per Count IV, the

---

[3] The Court notes that the Defendants, in responding to the Complaint, did not argue that the preference claim, as set forth in the Complaint, was fatally vague, nor did they request a more definitive statement.

9

Trustee alleges that "[w]ithin one year prior to the date of the filing of the Petition, the Debtor delivered payments and/or property totaling an amount to be proven at trial to one or more of the Defendants (the 'Section 548 Fraudulent Transfers.')."  Count IV further asserts that "[t]he Secton 548 Fraudulent Transfers include, but are not limited to the transfers listed on Exhibit C."  Exhibit C, in turn, lists the following transfers:  (1) the Assumption of Assets; (2) the "[t]ransfer of any property, including but limited to the Unperfected Preferential Transfers, from Maxim Truck Company, Inc., to Lester L. Lee or to any other Defendant that did not have a properly perfected security interest in that property; and (3) five payments made by Debtor via check to various Defendants from November 21, 2000 to December 29, 2000.

The first of the transfers listed in Exhibit C–the Assumption of Assets–was one of the transfers identified by the Complaint as avoidable under § 548(a)(1)(A).  Thus, there is no question that the Trustee may proceed with this part of Count IV.

The second transfer identified by Exhibit C–the "Unperfected Preferential Transfers"–is a bit harder to decipher because the Court is not completely sure what transfers that defined term includes.  Count IV does not, itself, define the term "Unperfected Preferential Transfers."  In Count II of the Amended Complaint, however, the Trustee asserts that "[i]mmediately before the date of the filing of the Petition, the Debtor delivered payments and/or property, not subject to perfected security interests, totaling an amount to be proven at trial or to one or more of the Defendants (the 'Unperfected Preferential Transfers.')."  The Trustee further states that the "Unperfected Preferential Transfers include, but are not limited to, the transfers listed in Exhibit A."  Exhibit A, in turn, lists the Security Agreement, Financing Statement, the Assumption of Assets and what the Trustee describes as the "deemed transfer of property, including but not limited to the unperfected security

interests in general intangibles, deposit accounts, bank accounts, cash, and accounts other than accounts receivable (the 'Unperfected Preferential Transfers.')."

As confused as this arguably circular definition is, it appears to the Court that "Unperfected Preferential Transfers" merely refers to the transfer that was effectuated by the Assumption of Assets of property in which the Defendants allegedly did not have a perfected security interest.  To that extent, then, Exhibit C's reference to the Unperfected Preferential Transfers is redundant as the Assumption of Assets is separately identified by Exhibit C.  To the extent the Trustee intends the term "Unperfected Security Interest" to include other transfers, i.e., the Debtor's grant of a security interest in favor of the Defendants pursuant to the Security Agreement, then the Court concludes that Count IV relates back, as the Security Agreement was part of the "conduct, transaction or occurrence" set forth in the Complaint.

Finally, the Court concludes that the five check payments identified in Exhibit C relate back to the Complaint.  As previously stated, the § 548(a)(1)(A) claim, as set forth in the Complaint, referred to any payment made within a year of the filing of the bankruptcy petition.  All five of the payments identified in Exhibit C were made in that one-year period and, thus, relate back to the Complaint under Rule 15(c).

Based on the foregoing, the Court concludes that all of the transfers listed in Exhibit C were either specifically included in the Complaint and/or relate back under Rule 15(c).  Therefore, the Court denies the Motion to Dismiss as it relates to Count IV.

### e.  Fifth Claim for Relief

The Fifth Claim for Relief in the Amended Complaint ("Count V") seeks to amend the § 548(a)(1)(B) fraudulent transfer claim, as set forth in the Complaint, by more specifically identifying

11

the various transfers that the Trustee alleges were constructively fraudulent.  In their Motion to Dismiss, the Defendants argue that Count V does not relate back to the Complaint pursuant to Rule 15(c) because it sets out "additional transactions."  The Court disagrees.

As set forth in the Complaint, the Trustee's § 548(a)(1)(B) claim alleged that the Debtor received less than reasonably equivalent value for the Assumption of Assets, the Sale, and the Preferential Payments (which the Trustee defined as payments made by Debtor to the Defendants within "90 days and/or 1 year before the date of the filing of the Petition").  Per the Amended Complaint, the Trustee seeks to avoid under § 548(a)(1)(B) the transfers included on Exhibit C.

For the same reasons set forth above with respect to Count IV, the Court finds that the transfers listed on Exhibit C were either specifically included in the Complaint and/or relate back under Rule 15(c). Therefore, the Court denies the Motion to Dismiss as it relates to Count V.

### f. Sixth Claim for Relief

The Sixth Claim for Relief ("Count VI") in the Amended Complaint seeks relief under § 544(a) of the Code for those transfers more fully described on Exhibit D of the Amended Complaint. Count VI is an entirely new claim not otherwise set forth in the Complaint.  In their Motion to Dismiss, the Defendants argue that Count VI should be dismissed because it does not relate back to the Complaint pursuant to Rule 15(c).  The Court agrees in part and disagrees in part.

Section 544(a) of the Code provides in relevant part:

The Trustee shall have, as of the commencement of the case, and without regard to any knowledge of the Trustee or any creditor, the rights and powers of, or may avoid the transfer of property of the Debtor or any obligation of the Debtor that is voidable by–
(1) a creditor that extends credit to the Debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien, whether or not such creditor exists; or
(2) a creditor that extends credit to the Debtor at the time of the commencement of the case,

12

and obtains, at such time and with respect to such credit, an execution against the Debtor that
is returned unsatisfied at such time, whether or not such creditor exists.

Exhibit D lists, in part, the Security Agreement, the Financing Statement, the Unperfected Preferential Transfers, the Preferential Transfers and the Section 548 Fraudulent Transfers. It also lists a number of payments that Debtor made to various Defendants from June 17, 1997, to December 29, 2000.

To the extent Exhibit D refers to payments or transfers described in some fashion in the Complaint, Count VI relates back to the Complaint pursuant to Rule 15(c). This includes the Security Agreement, Financing Statement, Assumption of Assets, Sale and payments made by the Debtor to the Defendants within one year of the filing of the bankruptcy petition. To the extent, however, that Exhibit D includes transfers made outside this one-year time period, such transfers do not relate back. The Court cannot conclude that such payments arise from the same conduct, transaction or occurrence set forth–or attempted to be set forth–in the Complaint.

Based on the foregoing, the Court grants in part and denies in part the Defendants' Motion to Dismiss at it relates to Count VI.

### g. Tenth Claim for Relief

The Tenth Claim for Relief ("Count X") in the Amended Complaint seeks turnover of property of the estate pursuant to § 542(a) of the Code. Count X states an entirely new claim not otherwise set forth in the Complaint. In their Motion to Dismiss, the Defendants argue that Count X should be dismissed because it does not relate back to the Complaint pursuant to Rule 15(c). The Court disagrees.

As previously stated, Rule 15(c)'s relation back requirement is implicated only when the applicable statute of limitations has already expired. The Code, however, does not impose a time

13

limit in which to seek turnover pursuant to Code § 542(a).[4]  As such, the Trustee may seek turnover at any time.  The Court, therefore, denies the Motion to Dismiss as it relates to Count X.  *See Eison v. McCoy*, 146 F.3d 468, 472 (7th Cir.1998) (there is no need for relation back where amended complaint is still within the applicable statute of limitations).

### h.  Eleventh Claim for Relief

The Eleventh Claim for Relief ("Count XI") seeks turnover of property of the estate pursuant to § 543(b) of the Code.  Count XI states an entirely new claim not otherwise set forth in the Complaint.  In their Motion to Dismiss, the Defendants argue that Count XI should be dismissed because it does not relate back to the Complaint pursuant to Rule 15(c).  The Court disagrees.

As explained above, the Trustee may seek turnover of estate property at any time.  Because Rule 15(c) is not implicated, the Court denies the Motion to Dismiss as it relates to Count XI.

### i.  Twelfth, Thirteenth and Fourteenth Claims for Relief

The Twelfth, Thirteenth and Fourteenth Claims for Relief (respectively "Count XII," "Count XIII" and "Count XIV") in the Amended Complaint allege that Lee violated the automatic stay under §§ 362(a)(3), (a)(4) and (a)(5) by recording "Nunc Pro Tunc Assignments" with the United States Department of Commerce, United States Patent and Trademark Office which purported to

---

[4]  There are cases suggesting that actions for turnover or for violation of the automatic stay may be barred by the doctrine of laches if not brought within a reasonable amount time.  *See, e.g., In re Midway Airlines, Inc.,* 221 B.R. 411, 458 (Bankr.N.D.Ill.1998); *In re Bookout Holsteins, Inc*., 100 B.R. 427, 432 (Bankr.N.D.Ind.1989).  The Court finds that laches does not bar the Trustee's claim for turnover.  The Trustee's request for turnover is derivative of their request for a declaratory judgment regarding the extent of the Defendants' security agreement, which the Court has already determined relates back to the Complaint.  As such, the Trustee's remedy under § 542 for turnover (and, similarly, under §§ 543 and 362) only ripens upon a determination by the Court that the property in dispute is, in fact, property of the estate.  Accordingly, the Court cannot conclude that the Trustee's claim for turnover should be equitably barred.  Nor have the Defendants shown that they were somehow prejudiced by the Trustee's delay in formally bringing a claim for turnover.  For these same reasons, the Court also finds that laches does not bar Counts XI, XII, XIII, XIV, XVI, or XXII, discussed more fully below.

14

assign to Maxim Global patents that were allegedly once held by Debtor (the "Nunc Pro Tunc Assignments"). Counts XII, XIII and XIV state entirely new claims not otherwise set forth in the Complaint. In their Motion to Dismiss, the Defendants argue that Counts XII, XIII and XIV should be dismissed because they do not relate back under Rule 15(c). The Court disagrees.

As explained above, Rule 15(c) is implicated only if the applicable statute of limitations has expired. The Code does not impose a time limit in which to allege a violation of the automatic stay. Because Rule 15(c) is not implicated, the Court denies the Motion to Dismiss as it relates to Count XII, XIII and XIV.

### j. Fifteenth Claim for Relief

The Fifteenth Claim for Relief ("Count XV") in the Amended Complaint alleges that Lee's filing of the Nunc Pro Tunc Assignments constitute unauthorized post-petition transfers that are avoidable under § 549 of the Code. Count XV is an entirely new claim not otherwise set forth in the Complaint. In their Motion to Dismiss, the Defendants argue that Count XV should be dismissed because it does not relate back to the Complaint under Rule 15(c). The Court agrees.

According to the Amended Complaint, Lee filed the Nunc Pro Tunc Assignment on or about June 16, 2004, while the Amended Complaint was filed in 2008. Pursuant to § 549(d), an action to avoid an unauthorized post-petition transfer may not be commenced after the earlier of (1) two years after the date of the transfer sought to be avoided; or (2) the time the case is closed or dismissed. Accordingly, Count XV is outside of the applicable statute of limitation.

In her Response to the Motion to Dismiss, the Trustee argues that the statute of limitations should be equitably tolled but concedes that the Defendants took no action to conceal the filing of the Nunc Pro Tunc Assignments. Without such concealment, the Court finds no basis to toll the

statute of limitation.

For to survive the Defendants' Motion to Dismiss, Count X must, therefore, relate back to the Complaint. The Court cannot conclude that it does in that it does not arise from the same conduct, transaction or occurrence set forth in the Complaint. Accordingly, the Court grants the Defendants' Motion to Dismiss as it relates to Count XV.

### k. Sixteenth Claim for Relief

The Sixteenth Claim for Relief ("Count XVI") in the Amended Complaint seeks turnover under Code § 543(a) of the patents allegedly transferred by Lee pursuant to the Nunc Pro Tunc Assignments. Count XVI is an entirely new claim not otherwise set forth in the Complaint. In their Motion to Dismiss, the Defendants argue that Count XVI should be dismissed because it does not relate back to the Complaint pursuant to Rule 15(c). The Court disagrees.

As previously explained, § 543 does not establish a time limit by which the Trustee was required to seek turnover. Because Rule 15(c) is not implicated, the Court denies the Motion to Dismiss as it relates to Count XVI.

### l. Seventeenth Claim for Relief

The Seventeenth Claim for Relief ("Count XVII") in the Amended Complaint seeks turnover under Code § 542(a) from Maxim Global of the patents transferred to by the Nunc Pro Tunc Assignments. Count XVII is an entirely new claim not otherwise set forth in the Complaint. In their Motion to Dismiss, the Defendants argue that Count XVII should be dismissed because it does not relate back to the Complaint pursuant to Rule 15(c). The Court disagrees.

As previously explained, § 542 does not establish a time limit by which the Trustee was required to seek turnover. Because Rule 15(c) is not implicated, the Court denies the Motion to

Dismiss as it relates to Count XVII.

### m.  Twenty-Second Claim for Relief

The Twenty-Second Claim for Relief ("Count XXII") in the Amended Complaint seeks to pierce the corporate veil to hold Lee individually liable for disregarding the corporate form of the Debtor and the Related Entities.  Count XXII is an entirely new claim not otherwise set forth in the Complaint.  In their Motion to Dismiss, the Defendants argue that Count XXII should be dismissed because it does not relate back under Rule 15(c).  The Court agrees in part and disagrees in part.

In the Amended Complaint, the Trustee alleges that "Lee exercised control over the Debtor and the [Related Entities] so that these entities had no separate existence of their own"; that "[the Related Entities] commingled their funds"; and that "Debtor and the [Related Entities] are merely alter egos of Lee." It is not clear from Count XXII upon what conduct or transactions these allegations are based.  To the extent the allegations are based on the Security Agreement, Assumption of Assets, Sale and/or any of the transfers described generally in the Complaint, i.e., transfers made by Debtor to the Defendants within a year of the filing of the bankruptcy petition, the Court concludes that Count XXII relates back to the Complaint.  To the extent, however, that Count XXII is based on other conduct or transactions, the Court cannot conclude that it relates back to the Complaint.

Based on the foregoing, the Court grants in part and denies in part the Defendants' Motion to Dismiss at it relates to Count XXII.

### n. Twenty-Fourth Claim for Relief

The Twenty-Fourth Claim for Relief ("Count XXIV") seeks to recharacterize as equity the loans made  by the Defendants to Debtor from 1993 to 2001.  Count XXIV is an entirely new claim

not otherwise set forth in the Complaint. In their Motion to Dismiss, the Defendants argue that Count XXIV should be dismissed because it does not relate back to the Complaint pursuant to Rule 15(c). The Court disagrees.

A claim to recharacterize debt as equity is not statutorily based and there is no explicit statute of limitations. A claim to recharacterize debt as equity is essentially part of the claims process, a process that has not yet begun in the underlying bankruptcy case and will not until there is money to distribute to Debtor's claimants. Accordingly, the Court concludes that Rule 15(c) is not implicated with respect to Count XXIV and, therefore, denies the Motion to Dismiss as it relates to Count XXIV.

### o. Twenty-Fifth Claim for Relief

The Twenty-Fifth Claim for Relief ("Count XXV") in the Amended Complaint seeks to disallow the Defendants claims against Debtor's estate pursuant to § 502(d) of the Code on the assumption that they are held liable under § 550 for transfers avoided under §§ 544, 547, 548, and/or 549. Count XXV is an entirely new claim not otherwise set forth in the Complaint. In their Motion to Dismiss, the Defendants argue that Count XXV should be dismissed because it does not relate back to the Complaint pursuant to Rule 15(c). The Court disagrees.

Section 502d) states:

> Notwithstanding subsections (a) and (b) of this section, the Court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550, or 553 of this title or that is a transferee of a transfer avoidable under § 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable . . . .

As previously suggested, the Court has not yet addressed the allowance or disallowance of claims in the underlying bankruptcy case and will not until there are funds to distribute to Debtor's

claimants. From this standpoint, any objection under § 502(d) by the Trustee is arguably premature. Because, Rule 15(c) is not implicated, the Court denies the Defendants' Motion to Dismiss as it relates to Count XXV.

### p. Twenty-Sixth Claim for Relief

The Twenty-Sixth Claim for Relief ("Count XXVI") in the Amended Complaint seeks to subordinate the Defendants' claims pursuant to § 510(c) of the Code. Count XXVI is an entirely new claim not otherwise set forth in the Complaint. In their Motion to Dismiss, the Defendants argue that Count XXVI should be dismissed because it does not relate back to the Complaint pursuant to Rule 15(c). The Court disagrees.

As previously explained, the claims process in the underlying bankruptcy case has not yet begun, and the Trustee's request to subordinate the Defendants' claim is premature. Furthermore, § 510(c) of the Code imposes no explicit time limit. As such, Rule 15(c) is not implicated, and the Court, therefore, denies the Defendants' Motion to Dismiss as it relates to Count XXVI.

### q. Twenty-Ninth Claim for Relief

The Twenty-Ninth Claim for Relief ("Count XXIX") in the Amended Complaint seeks to preserve any transfer avoided under §§ 544, 547, 548 and/or 549 pursuant to Code § 551. In their Motion to Dismiss, the Defendants argue that Count XXV should be dismissed because it does not relate back to the Complaint pursuant to Rule 15(c). The Court disagrees.

Contrary to the Defendants' argument, the Trustee's Complaint did, in fact, set forth a claim under § 551. Specifically, the Complaint's Sixth Claim for Relief sought to preserve any avoided claim. For that reason, the Court denies the Defendants' Motion to Dismiss as it relates to Count XXIX. The Court further notes that because preservation of avoided claims for the benefit of the

estate under § 551 is automatic, the Trustee was not required to assert a specific claim for it in the first place.

## C.  Conclusion

Based on the foregoing, the Court denies the Motion to Dismiss except as it relates to Counts VI and XXII, with respect to which the Motion to Dismiss is granted in part and denied in part, and to Count XV, with which the Motion to Dismiss is granted.

###

Distribution:

James K. Kowalik
John D. Gay
Kathryn L. Pry
Raymond J. Pikna, Jr.